UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT WASHINGTON,

    Plaintiff,

v.

ESSEX COUNTY SHERIFF'S DEPARTMENT, et al.,

    Defendants.

Civ. No. 14-7453 (KM) (JBC)

**MEMORANDUM AND ORDER**

The plaintiff, Robert Washington, is a pretrial detainee at the Essex County Correctional Facility in Newark, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Mr. Washington's application to proceed *in forma pauperis* will be granted and the Clerk will be ordered to file the complaint. (Dkt. No. 1.)

Typically, at this time, the complaint would be screened pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether the complaint (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. However, after Mr. Washington submitted his original complaint, he submitted an "amended complaint" (Dkt. No. 3). It appears that Mr. Washington may intend for his "amended complaint" to supplement, rather than replace, his original complaint. I will not, however, treat multiple documents collectively as constituting the operative complaint.

Instead, I will grant leave to amend the complaint, and I will order Mr. Washington to file **one** amended complaint containing **all** of the claims he wishes to raise along with **all** of his requests for relief. I believe this course is necessary in order for the proceedings to be orderly and clear. As one leading treatise has stated:

> [T]o ensure that the pleadings give notice of all the issues that are in the controversy so they can be handled and comprehended expeditiously, the safer practice is to introduce an amended pleading that is complete in itself, rather than one that refers to the prior pleading or seeks to incorporate a portion of it. . . . Even if the pleading is lengthy and involved, a self-contained amended pleading will assist the parties and the court in dealing with the issues better than one that is replete with references to another pleading.

6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed.).

If Mr. Washington should fail to file an all-inclusive amended complaint within the time allotted by the Court, then I will treat the (Dkt. No. 1) as the operative pleading and submit it to the screening process.

In addition, Mr. Washington has filed an application for pro bono counsel. (*See* Dkt. No. 2.) At a minimum, the Court must find that the plaintiff's claims have legal and factual merit before appointing pro bono counsel. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). Because the substance of Mr. Washington's claims is not settled (*see* above), I will not rule on pro bono counsel at the present time. I will do so when his complaint is screened.

Accordingly, IT IS this 29th day of September, 2015,

ORDERED that *in forma pauperis* status is granted; and it is further

ORDERED that the document designated "amended complaint" (Dkt. No. 3) is not accepted for filing; and it is further

ORDERED that the Court grants plaintiff leave to submit an all-inclusive amended complaint, containing all of the claims and requests for relief that he wishes to assert, within forty-five (45) days of the date of this Order; and it is further

ORDERED that plaintiff's failure to comply with this Order within forty-five (45) days will result in this Court screening only plaintiff's original complaint (Dkt. No. 1); and it is further

ORDERED that the Clerk shall serve this Order and a blank form prisoner civil rights complaint on plaintiff by regular U.S. mail.

KEVIN MCNULTY
United States District Judge