UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT WASHINGTON, | |
| Plaintiff, | Civ. No. 14-7453 (KM) (JBC) |
| v. | |
| ESSEX COUNTY SHERIFF'S DEPARTMENT, et al., | OPINION |
| Defendants. | |

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

The plaintiff, Robert Washington, who was a pretrial detainee, is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. At this time, this Court must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be dismissed without prejudice.

## II. BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening opinion. Mr. Washington names as defendants (1) Essex County Sheriff's Department; (2) Detective James Bradley[1]; (3) Detective Noel Mendez; (4) Detective Caicedo Fabian; (5) Detective Eduardo Moreno; and (6) Eduardo Moreno. At the time he submitted his complaint, Mr. Washington was a pretrial detainee housed at the Essex County Correctional Facility.

---

[1] The body of the complaint also names Kevin Bradley, but Kevin Bradley does not appear in the caption. The caption does, however, list a James Bradley, who may or may not be the same person.

Mr. Washington's allegations center on the aftermath of his arrest by the Essex County Sheriff's Department on September 5, 2014. Bradley, the lead arresting officer, filed a police report which contained the allegedly false statement that Mr. Washington had certain evidence on his person at the time of his arrest. (Dkt. No. 1 at p. 4) Later on in the complaint, Mr. Washington states that the allegations against him were that he sold drugs in Essex County. (*See id.*) The detectives named in the complaint allegedly conspired to plant evidence, manipulate the legal process, and pursue trumped up charges. Mr. Washington also alludes generally to medical problems for which he did not get attention while he was detained.

The complaint seeks monetary damages. In a separate filing that the Clerk has labeled an amended complaint, Mr. Washington seeks $100,000 from each defendant. (*See* Dkt. No. 3)

### III. LEGAL STANDARDS

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, *"pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV. DISCUSSION

A. False Police Report

Mr. Washington first alleges that Bradley filed a false police report that stated that he was arrested with evidence that was not in fact on his person. (*See* Dkt. No. 1 at p.4) The complaint

3

does not allege with specificity what that evidence was, the uses to which it was put, or the impact it had on his constitutional rights. "[T]he filing of a false police report is not itself a constitutional violation." *Ellis v. Vergara*, No. 09-2839, 2009 WL 4891762, at *5 (D.N.J. Dec. 15, 2009) (quoting *Jarrett v. Township of Bensalem*, 312 F. App'x 505, 507 (3d Cir. 2009)).

To the extent that Mr. Washington is trying to bring a stand-alone claim against Bradley for filing a false police report, he fails to state a federal claim with the specificity required by *Twombly* and *Iqbal*.

### B. Malicious Prosecution

Mr. Washington also alludes to "trumped up" charges that were brought against him. Presumably, the filing of the purportedly false police report is part of this claim. I will construe these allegations as a § 1983 claim of malicious prosecution against the individually named police officer defendants.

To state a malicious prosecution claim, a plaintiff must state that:

> (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 182 (3d Cir. 2013) (quoting *McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009) (citing *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003))).

Mr. Washington fails to state a malicious prosecution claim. He does not allege in his complaint, for example, that the criminal proceedings ended in his favor. Therefore, this claim will also be dismissed without prejudice for failure to state a claim.

4

C. Conspiracy

The allegedly "trumped up" charges are also the subject of a conspiracy claim. In order to plead conspiracy under § 1983, a plaintiff must "provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009). A bare allegation of an agreement is insufficient to sustain a conspiracy claim. *See Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012). Furthermore, "a § 1983 conspiracy claim is not actionable without an actual violation of § 1983." *Cherry v. Borough of Tuckerton*, No. 16-505, 2016 WL 7030428, at *3 (D.N.J. Dec. 1, 2016) (internal quotation marks and citations omitted); *Stallings v. Cruz*, No. 15-7488, 2016 WL 3067438, at *3 n.2 (D.N.J. May 31, 2016) ("Civil conspiracy is [merely] a vehicle by which § 1983 liability may be imputed to those who have not actually performed the act denying constitutional rights . . . . As a result, a § 1983 conspiracy claim is not actionable without an actual violation of § 1983.") (internal quotation marks and citations omitted).

For the reasons stated in the preceding section, the violation that is the object of the alleged conspiracy—malicious prosecution—has not been alleged as a matter of law. It follows that the allegation of conspiracy fails for the same reason. It, too, will be dismissed without prejudice.

D. Medical Care

Mr. Washington also alludes to a deprivation of needed medical care during the time he was incarcerated. The complaint alleges that he contracted medical problems and that his previous ailments became worse during his incarceration.

As a pretrial detainee, Mr. Washington's claim for inadequate medical care is adjudicated under the Due Process Clause of the Fourteenth Amendment. *See Edwards v. Northampton*

5

*Cnty.*, 663 F. App'x 132, 136 (3d Cir. 2016) (citing *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005)). "'[P]retrial detainees are entitled to at least as much protection as convicted prisoners and that decisions interpreting the Eighth Amendment serve as 'useful analogies.'"" *Edwards*, 663 F. App'x at 136 (quoting *Boring v. Kozakiewicz*, 833 F.2d 468, 472 (3d Cir. 1987) (quoting *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1080 (3d Cir. 1976))) (other citations omitted).

> For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). We have found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse*, 182 F.3d at 197. Deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment. . . (which) remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)). Allegations of negligent treatment or medical malpractice do not trigger constitutional protections. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

*Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013). Deliberate indifference can also be found "where the prison official persists in a course of treatment in the face of resultant pain and risk of permanent injury." *See McCluskey v. Vincent*, 505 F. App'x 199, 202 (3d Cir. 2012) (internal quotation marks and citation omitted). "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it 'is so obvious that a lay person would easily recognize

the necessity for a doctor's attention.'" *See Mitchell v. Beard*, 492 F. App'x 230, 236 (3d Cir. 2012) (quoting *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (quoting *Monmouth Cnty. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987))).

I set aside the issue of whether such allegations are properly joined with the other claims in the complaint. The medical-care allegations will be dismissed because they are insufficient to state a claim. The complaint does not allege the nature of the conditions or the care that was denied. As written, the allegations are conclusory and fail to state with any facial plausibility that Mr. Washington is suffering from a serious medical need. Additionally, the complaint is devoid of any allegations that any of the named defendants were aware of Mr. Washington's purported unnamed medical ailments and conditions, or were deliberately indifferent to them. Accordingly, this claim will also be dismissed without prejudice.

### E. Essex County Sheriff's Department

Mr. Washington also names the Essex County Sheriff's Department as a defendant. Initially, I note that the Sheriff's Department cannot be held vicariously liable for the acts of its officers via *respondeat superior* under § 1983. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Furthermore, the complaint fails to make any allegations of an unconstitutional policy or custom that would create municipal liability under *Monell v. Dep't of Social Servs. New York City*, 436 U.S. 658 (1978). *See Hildebrand v. Allegheny Cnty.*, 757 F.3d 99, 110-11 (3d Cir. 2014) (complaint must plead facts to support *Monell* liability); *McTernan v. City of York, Pa.*, 564 F.3d 636, 658 (3d Cir. 2009) (stating to satisfy pleading standard for *Monell* claim, complaint must identify a custom or policy, and specify what exactly that custom or policy was); *Karmo v. Borough of Darby*, No. 14-2797, 2014 WL 4763831, at *6 (E.D. Pa. Sept.

25, 2014) (same). Accordingly, the complaint fails to state a § 1983 claim against the Essex County Sheriff's Department.

## F. State Law Claims

Mr. Washington may also be attempting to bring state law claims in his complaint. If so, the only potential basis for this Court's jurisdiction over these claims would be supplemental jurisdiction pursuant to 28 U.S.C. § 1367. When a court has dismissed all claims over which it had original federal question jurisdiction, it has the discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). As Mr. Washington's federal claims have been dismissed at the earliest possible stage for failure to state a claim upon which relief may be granted, I will exercise my discretion to decline supplemental jurisdiction over any related state law claims.

## G. Request for Appointment of Pro Bono Counsel

Mr. Washington has requested the appointment of pro bono counsel. Indigent persons raising civil rights claims have no absolute right to counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). As a threshold matter, there must be some merit in fact or law to the claims the plaintiff is attempting to assert. *See Tabron v. Grace*, 6 F.4d 147, 155 (3d Cir. 1993). In determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See id.* at 155-56, 157 n.5; *see also Cuevas v. United States*, 422 F.

8

App'x 142, 144-45 (3d Cir. 2011) (reiterating the *Tabron* factors). The power to appoint counsel lies solely with the discretion of this Court.

As described above, Mr. Washington has failed to state a minimally plausible federal claim in his complaint. Accordingly, I will deny his request for the appointment of pro bono counsel without prejudice at this time.

## V. CONCLUSION

For the foregoing reasons, Mr. Washington fails to state a claim in his complaint/amended complaint. Accordingly, the federal claims will be dismissed without prejudice for failure to state a claim and I will decline to exercise supplemental jurisdiction over Mr. Washington's state law claims. Mr. Washington may move to reopen this case within thirty days by filing an all-inclusive proposed amended complaint that corrects the deficiencies stated in this opinion. An appropriate order will be entered.

DATED: October 23, 2017

KEVIN MCNULTY
United States District Judge